José A. Díaz, Plaintiff and Appellee, v. Heirs of Emiliano Cintrón-Berríos, Defendants and Appellants.

No. 3906. Argued June 18, 1926.—Decided June 26, 1926.

González Fagundo & González, Jr., for the appellants. *Arturo Aponte* for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

The appellant heirs were adjudged to pay a certain amount of money to the appellee for professional services rendered as a physician to the ancestor of the said heirs, and it is now contended on appeal that the judgment was not supported by the evidence.

The evidence on the main issue herein was contradictory and consisted of the testimony of the plaintiff and that of one witness for the defendants. The plaintiff testified that he was a physician living in San Juan and met Adolfo Ortiz, son-in-law of Emiliano Cintrón Berríos, at the Laboratory of Tropical Medicine; that Ortiz asked him to go to Yabucoa to visit his father-in-law who was sick; that he went and had a consultation there with the physicians who attended him, denying that he made the trip for any other reason.

Adolfo Ortiz testified that he met the plaintiff at the Laboratory of Tropical Medicine in San Juan; that the plaintiff asked him what had brought him there; that the witness replied that he had come there for an analysis of the blood of his father-in-law who was sick; that the plaintiff said that he would like to see the witness's father-in-law who was his friend and that if his automobile were in good condition he would go; that the witness replied that the plaintiff could go in the automobile which he had and in that way they could settle a certain business regarding a prop-

erty that was sold between them, and that they went to Yabucoa where the plaintiff went to the house of the patient and consulted with the physicians who were attending him. The judgment appealed from adjusted that conflict in the evidence against the defendant heirs, inasmuch as it having been favorable to the plaintiff, the court was of the opinion that it was true that Ortiz requested the physician to visit the patient. And given the close relationship between the patient and Ortiz, the court properly concluded that Ortiz was acting as the agent of his father-in-law, for which reason the court considered that Emiliano Berríos Cintrón requested the plaintiff to make the trip and that the averments of the complaint to that effect were proved.

The other assignment of error is based on the refusal of the court to admit in evidence a copy of a letter which the administrator of the defendants wrote to the plaintiff explaining the reason why he did not pay the account sent to the heirs for the medical attendance upon Emiliano Berríos Cintrón, but it is unnecessary to decide that question in view of the fact that the said letter does not contain any matter to which Ortiz did not testify.

The judgment appealed from should be affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.